# At Monmouth Nisi Prius, before Kinsey, C. J., and Chetwood, J.

---

[170]                    LONGSTREET v. KETCHAM.

1. It is no objection to reading an agreement in evidence, that it is conditional; this objection applies to the operation of the evidence when admitted.

2. An accord must be pleaded, and cannot be given in evidence upon the general issue.

3. An agreement that, under certain conditions, one shall have the land, confers no title until such conditions are performed.

---

This was an action brought to recover the mesne profits of certain lands, from April, 1788, till November, 1791, valued at £50 per annum. Plea, not guilty.

The plaintiff offered the judgment roll in the ejectment case, by which it appeared the demise was laid April 4th, 1788 ; judgment signed November 10th, 1792.   The value of the property was proved as laid in the declaration, and the possession of defendant was admitted.

The defence set up was, that the defendant had come into possession of the premises under a deed from his father ; that an ejectment was brought by plaintiff, and an agreement made between the parties that Ketcham should remain in possession, on condition he paid a certain debt due by his father, and if he did not discharge the debt within a year, the plaintiff should have the land.

*Stockton* objected to the reading of the agreement to the jury, because it was conditional, and the condition had never been performed.

*Frelinghuysen, contra.*   The objection goes to the effect of the testimony, not to its competency.

PER CUR.   The agreement is evidence.   It is improper to give an opinion on the operation of it at present.

It appeared that, by this agreement, Ketcham bound himself in the penalty of £500, to perform the condition or to deliver up the land.

*Frelinghuysen* contended that the defendant, being in by title, was not compellable to pay the mesne profits.   He cited the opinion of the Chief Justice.   11 *Co.* 51, *Liford's case.*

The Chief Justice, in his charge to the jury, said that this was an action of trespass for the recovery of the mesne [171] profits of certain lands, which the plaintiff recovered some time since in an ejectment, and it is immaterial whether the judgment was on a verdict, or by confession.   It appears that during the pendency of this action of ejectment, an

Longstreet v. Ketcham.

agreement was entered into by the parties, by which each undertook to perform certain things, and were to receive certain benefits.

This agreement is offered in evidence to bar the plaintiff's recovery in the present action. There is no doubt that the defendant has performed certain parts of this agreement, and that some equally material parts, particularly that on condition of which he was to have the land, viz., the payment of the money, has not been performed. The question is whether without this performance, the defendant is entitled to the benefit of the agreement, and can bar the plaintiff's recovery in this action. If he is, this absurdity follows, that he is equally benefitted whether he performs what he has undertaken or does not.

This agreement should not have been allowed to go to the jury without being pleaded; upon the present issue it is not evidence, but this objection equally escaped the attention of the counsel and the court at the time it was offered. If this agreement has any operation it is as an accord, which the law considers as of no validity without performance; and if a man wishes to have the benefit of an agreement of this nature, it is reasonable and proper that he should in the first place make it appear that he has executed what he undertook to do.

It ill becomes a man who comes to claim the benefit of a contract, to be unable to say he has performed the agreement himself; to apply for the enforcement of his adversary, when he himself has been equally negligent. The law should compel every one to perform stipulations into which he has voluntarily entered, and unless this is done, should not aid him in compelling others.

As to the law upon the subject of the mesne profits, I take it to be clear, that in all cases whatsoever, where a man makes use of the land of another, whether he enters by virtue of a deed, or otherwise, he is compellable to account for it to the true owner, and the only manner in which he can possibly be exonerated from this demand is by some act of release by such

[172] owner. The agreement in question does not, however, in any manner operate as a bar to the plaintiff's action; nor until the condition is fully complied with by the defendant, can such an implication be supported.